# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Jeffrey Foster**, | Bankruptcy No. 22-bk-06377 |
| Debtor. | Honorable A. Benjamin Goldgar |

## NOTICE OF MOTION FOR LEAVE TO BIFURCATE PROCEDURE OR TO COMMENCE DISCOVERY ON FACTOR LAW'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AND HEARING THEREON

**TO:** All Counsel of Record via Court's Electronic Case Filing System

**Please take notice** that, on **Monday, May 6, 2024, at 9:30 a.m.**, I will appear before the Honorable A. Benjamin Goldgar, or any other judge sitting in that judge's place, **either** in courtroom 642 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present FactorLaw's First and Final Application for Compensation and Reimbursement of Expenses, a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1- 669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode.** The meeting ID for this hearing is 161 500 0972, and the passcode is 726993. The meeting ID and passcode can also be found on the judge's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection

1

is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated: April 22, 2024                                    Respectfully submitted,

**JEFFREY FOSTER**,


By: */s/ Sabreena El-Amin*

Sabreena El-Amin
Sel-amin@ctmlegalgroup.com
William Tasch
William.Tasch@ctmlegalgroup.com
CTM Legal Group
77 W. Washington St., Ste 2120
Chicago, IL 60602
Info@CTMLegalGroup.com
Ph. 312-818-6700
Fx. 312-492-4804

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | Chapter 11 |
|---|---|
| **Jeffrey Foster**, | Bankruptcy No. 22-bk-06377 |
| Debtor. | Honorable A. Benjamin Goldgar |

# MOTION FOR LEAVE TO BIFURCATE PROCEDURE OR TO COMMENCE DISCOVERY ON FACTOR LAW'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Debtor Jeffrey Foster ("Foster"), by and through his attorney Sabreena El-Amin of CTM Legal Group, hereby moves this court for leave to bifurcate procedures on his objections to Factor Law's First and Final Application for Compensation and Reimbursement of Expenses. The grounds for the motion are set forth below.

## INTRODUCTION

1.	This matter is over. It was dismissed, upon a motion filed by Factor Law on behalf of Foster, in November 2023 and closed on December 1, 2023. All controversies between the **parties** have been resolved and Debtor's estate no longer exists. Factor Law submitted its First and Final Application for Compensation and Reimbursement of Expenses ("Factor Law's Application") on February 26, 2024, over Foster's objection without even withdrawing as his attorney. The application is more than three months overdue and the Court no longer has jurisdiction over the same. Specifically, Factor Law's application is moot because there is nothing the Court can do to impact the rights of the individuals involved. Factor Law has a right to the fees

3

it rightfully incurred under its retainer agreement and it can pursue those rights in state court. Conversely, Foster has the right to assert contract defenses based on Factor Law's failure to abide by their agreement and can do so in state court. Because no controversy between the parties (i.e. the debtor and creditors) remains, the Court's ancillary jurisdiction does not apply to this proceeding. Even if the court did have "clean up jurisdiction" over the matter, this will be no "minor" proceeding and therefore, in the interests of judicial economy, the court should dismiss the proceeding and require Factor Law to pursue the matter in state court.

2. Further, the fees in Factor Law's Application do not reflect "reasonable compensation for actual, necessary services rendered" as required by 11 U.S.C. 330(a)(1)(A). Factor Law's fees are excessive and inconsistent with the agreement between Factor Law and Foster. Factor Law represented Foster throughout this proceeding without serving Foster with a single invoice, despite having a retainer agreement that indicated that they would submit monthly bills. Factor Law also revised that agreement from an hourly arrangement to a flat fee arrangement and Foster relied on that revision to his detriment. Factor Law now seeks to circumvent that agreement and general principles of contract law by seeking fees that are excessive and inconsistent with its employees' actual work on this matter.

3. Through this motion, Foster seeks leave to bifurcate his objections to Factor Law's Application. In the interests of justice, Foster hopes to make its objection to the Court's jurisdiction over Factor Law's Application and file his Limited and Bifurcated Response In Objection to Factor Law's Application, *instanter*, while retaining his opportunity to object to the substance of the application at a later date after some discovery on the matter.

4. Alternatively, Foster seeks leave to engage in discovery on the substance of the application now so that he can adequately object.

**FACTUAL BACKGROUND**

5.      Foster filed a Voluntary Petition for Chapter 11 Bankruptcy on June 6, 2022. (Doc. 1). Debtor was previously represented by Attorneys William J. Factor, David R. Hassel, and Justin R. Storer of Law Office of William J. Factor, Ltd (collectively, "Factor Law") who this Court authorized to be employed as bankruptcy counsel pursuant to a retainer agreement between Factor Law and Foster. (Doc. 27).

6.      Foster was subsequently able to resolve his debts with his primary creditor through settlement and moved to dismiss this proceeding on November 3, 2023. (Doc. 200). The matter was ultimately dismissed on November 20, 2023, (Doc. 210) and closed on (December 1, 2023).

7.      Prior to moving to dismiss the matter on behalf of Foster, William Factor sent Foster a draft application for Factor Law's fees and expenses, to which Foster objected. Factor presented Foster with a draft of the application as early as October 2, 2023 and indicated as early as November 6, 2023 that it planned to withdraw as his counsel and file the application. (Exhibit 1 ¶¶ 8-12).

8.      Foster was taken aback by the bill given that (1) the agreement had been modified to a flat fee engagement that would be $50,000 without trial and $100,000 with trial, (2) he had never seen a bill for the matter, had been unable to object to how the matter had been handled for the past year and a half, and was unaware that the fees had amassed to that amount, and (3) the fees appeared inconsistent with Foster's recollection and record of his representation. (Exhibit 1 ¶ 9). Foster requested that the parties discuss the matter. (*Id*.).

9.      After Factor repeatedly failed to respond to Foster for a month at a time, Factor and Foster engaged in some settlement discussions around the contested fees. Ultimately, Factor

5

rejected Foster's proposed fee arrangement and indicated that he would file his application with the Court. (Exhibit 1 ¶¶ 8-16).

10. On or about February 26, 2024, Factor Law filed an Application for Compensation and Reimbursement of Expenses ("Factor Law's Application") over Debtor's objection. (Doc. 212 ¶ 8, Doc. 216). Despite their previous indications, Factor Law's attorneys did not withdraw as counsel for Debtor prior to filing their application and did so apparently on behalf of Foster. The application was for $168,992.50 in fees, which was more than three times the amount that Factor represented the matter would cost. (Doc. 212).

11. Foster has since retained the undersigned and filed an objection to Factor Law's Application. (Doc. 216).

12. Per the Court's March 25, 2024 Order, Foster's Response to Factor Law's Application is due April 22, 2024. (Doc. 218).

## ARGUMENT

13. Foster seeks to object to Factor Law's Objection on the following grounds:

   a. The court lacks jurisdiction over the application because

      i. Factor Law's Application is moot because there is an adequate remedy that Factor Law can pursue in state court absent the Court's intervention, and

      ii. The Court's ancillary jurisdiction should not be applied in this circumstance because there are no disputes remaining between the parties and this would not be a minor cleanup proceeding due to the nature of the dispute and defenses; and

6

    b. Factor Law is not entitled to the full amount of the fees indicated in its application, based on the following:

        i. Factor and Foster revised the agreement to establish a flat fee arrangement and the hourly fees reflected are inconsistent with that arrangement,

        ii. Principles of contract law prevent Factor Law from being unjustly enriched by its failure to adhere to the agreement—namely, where fees were accumulated over a seventeen-month period without a single bill being sent to Foster, he should not be required to pay for overbilling that he was prevented from addressing in real time, and

        iii. The fees are inconsistent with Foster's recollection and record of Factor Law's representation and therefore likely not associated with "actual, necessary services rendered" as required by 11 U.S.C. § 330(a)(1)(A).

### A. <u>Jurisdiction</u>

14. Foster asserts that because the bankruptcy had been dismissed and there is no longer an estate from which Factor Law can be paid, Factor Law's application, filed nearly three months after the case was dismissed and closed is moot and the court lacks jurisdiction over the same.

15. Per the Court's instruction during the hearing on March 25, 2024, the undersigned reviewed the Seventh Circuit's decision in *In re Sweports, Ltd.*, 777 F.3d 364 (7th Cir. 2015) and asserts that the case at bar is sufficiently distinguishable and that the Court indeed lacks jurisdiction over Factor Law's Application.

16. Three key distinctions exist between *Sweports* and the case at bar. First, Factor Law is not a party to the underlying matter and therefore, there is no longer any "controversy between

the **parties**" and the Court therefore lost jurisdiction when it entered the dismissal, which was a final judgment. *Sweports*, 777 F.3d at 367 ("A court loses jurisdiction over a case when it issues a final judgment, which is to say a judgment that resolves the controversy between the parties"). Second, unlike the creditors' professionals in *Sweports*, Factor Law has a remedy absent the Court's intervention: a state court contract action. In *Sweport*, the Seventh Circuit emphasized that the creditors' professionals "needed that ruling to be able to enforce the entitlement in state court." *Id*. Here, Factor Law has a retainer agreement that it can enforce with the state court. It would be against the interests of judicial economy to permit Factor Law to waste the Court's resources on a matter that can be handled in state court. This is particularly true when this matter will require discovery and lengthy briefing to be adjudicated fairly. Lastly, the creditors' professionals in *Sweport* had little control over the decision to dismiss the case and were therefore not able to control when they submitted their application in relation to when the matter was closed. Conversely, here, Factor Law was completely aware of its position in needing to pursue its contested fees prior to moving the Court for dismissal of the action on behalf of its client. Indeed, they indicated a desire to file the application and had a draft application prepared on October 2, 2023, over a month before filing the motion to dismiss and nearly two months before the matter was ultimately dismissed and closed. To allow a debtor's counsel to sit on their rights to be paid under the bankruptcy code until after the matter is dismissed and then initiate a new adversarial proceeding after the matter is closed would be an injustice to the Court, debtor, and other parties seeking to resolve disputes in this venue. This injustice becomes particularly obvious when we consider the fact that Factor Law never withdrew Foster's counsel, even when their engagement became clearly confrontational, and Factor Law submitted an application that appeared on its face to be filed on behalf of Foster as the Debtor.

17. Here, Factor Law sat on their drafted application for nearly four months and ultimately filed it three months after the matter was closed. If the Court permits such an action, where does it end? The statute of limitations for contracts can be up to ten years passed the breach. Where a debtor's attorney can seek their fees owed under contract three months after the dismissal, would they be permitted to enforce a retainer agreement a year after dismissal? 5 years? 10 years? There needs to be a line drawn and it is Foster's contention that the line should be drawn here. Factor Law has a right to pursue its fees from Foster in a different venue and they should be required to do so as they failed to attempt to recover these, or any other, fees at any point during the seventeen months prior to moving to dismiss the case.

B. **Fees**

18. Foster also objects to Factor Law's Application based on basic contract principles and because the fees as the fees are not "reasonable compensation for actual and necessary services rendered" as measured by Section 330(a).

19. Specifically, Foster and Factor Law entered into an oral agreement that the matter would be performed for a flat fee of $50,000 and that number would jimp to $100,000 if the matter went to trial. (Exhibit 1 ¶¶ 5-6). Factor himself repeatedly referred to this fee arrangement and would use it to pressure Foster into acquiescing to certain positions throughout the pendency of the proceeding. (*Id.*). Factor Law's behavior in not submitting a monthly bill, as required by the retainer, is consistent with Foster's understanding that the engagement had been converted to a flat fee engagement. Foster relied on this revision to the agreement to his detriment. If Foster were aware that he was going to be billed hourly and that the bill already exceeded $100,000 at the time that these representations were made, he would have ended the engagement with Factor Law before settlement and not settled the matter just to save on legal fees. (*Id*. ¶¶ 6-7, 15).

20. Foster requires discovery on the issues of the revision of the retainer agreement, Factor Law's conduct in furtherance of the revision, and other factual matters to establish which contract law principles (e.g. estoppel, failure of performance, frustration of purpose, etc.) will apply to the underlying fact pattern.

21. Further, upon review of the fees submitted with Factor Law's Application, Foster believes the bills are inconsistent with his record of his representation. By way of example, Foster identified the following discrepancies in the bill:

   a. On December 19, 2022, Factor billed 4.5 hours for a call "from 11:00 to 3:30." (Doc. 212, Ex. 1). Factor's phone records show three calls with Factor on that day (marked on my records at 7:26 pm, 7:01 pm, and 3:09 pm) for 102 minutes, 1 minute, and 89 minutes. These calls totaled 192 minutes or 3.2 hours, not 4.5 hours. This represents a potential overbilling of 1.3 hours or $520 for this single entry.

   b. On February 8, 2023, Factor charged 1.2 hours for a call with Foster and D. Hassel and D. Hassel charged .7 for communication with client. (Doc. 212, Ex. 1, PNC Litigation section). Foster's phone records show no incoming or outgoing calls on February 8, 2023. This represents a potential overbilling of 1.9 hours or $760 for two entries in a single day.

   c. On March 1, 2023, Factor charged 8.8 hours for the mediation and conversations with Foster before and after mediation. Factor's entry, however, only totals 6.8 hours' worth of time. (Doc. 212, Ex. 1, PNC Litigation section). This represents a potential overbilling of 2 hours or $800 for one entry.

      d.  On July 21, 2023, Justin Storer charged "3 hours, billed at one-half" for "wait around after hours for documentation." (Doc. 212, Ex. 1, General Administrative Matters). Foster was charged 1.5 hours or $562.50 for Storer "waiting." This was on a day when Storer indicated that he was working from home and not in a rush to receive the requested documents. This represents a potential overbilling of $562.50 for a single entry.

(Exhibit 1 ¶ 19).

22.    Lastly, Foster believes that much of the activity billed for was not necessary to the underlying proceeding or the ultimate relief obtained. For instance, there is billing with consultants that Foster objected to using from the beginning and would not have wanted to use if he understood he was being charged hourly.

23.    Due to Factor Law's failure to submit a single bill for nearly a year and a half, Foster requires discovery into the billed activity including Factor Law's telephone and email records, identification of billers and parties in the entries and their purpose in the underlying action, drafts of pleadings and filings, and other issues that will get at the accuracy of the billing as Foster was unable to address these issues in real time. Foster has requested some of this information from Factor Law but has just been directed back to Factor Law's application.

**C.  Resolving the Jurisdiction Objection First Promotes Judicial Economy**

24.    Factor Law's Application contains roughly 65 pages of fees with roughly 600 entries. Foster's initial review of these entries calls into question at least 200 of the entries and he anticipates with discovery that he will be able to establish that $90,000 - $119,000 worth of the fees were inconsistent with Section 330(a) or that the arrangement itself was for a flat fee of $50,000.

11

25. Foster believes that the jurisdictional argument will be dispositive and can save Foster and Factor Law the time and expense of diving into the substance of the application in this Court if that portion of Foster's objection is resolved before the parties move forward to the merits of the application.

26. Additionally, resolving the jurisdictional issue first will preserve judicial resources as if the application must considered on its merits, the parties will need to engage in written and oral discovery to address Foster's legal and factual challenges to the application.

## CONCLUSION

27. Based on the foregoing, Foster requests leave to file a limited response, *instanter*, on only the jurisdiction portion of his objection to Factor Law's Application while reserving the right to address his objections to the merits of the application and engage in discovery on the same if, and only if, the jurisdiction issue is resolved in Factor Law's favor.

28. Alternatively, Foster seeks leave to engage in discovery on the merits of Factor Law's application. Foster believes that a three-month discovery window will be appropriate to complete the necessary discovery but is open to conferring with Factor Law on a discovery schedule that works for both parties.

29. This request for bifurcation of the proceedings or leave to engage in discovery will not cause prejudice and is not intended to delay these proceedings.

WHEREFORE, Foster respectfully requests that the Court enter an Order permitting him to file the Limited and Bifurcated Response in Objection to Factor Law's Application, *instanter*, without waiving his right to object to the application and engage in discovery on the same. Alternatively, Foster requests that the Court enter an Order granting him leave to engage in

discovery on the merits of Factor Law's Application and requiring the parties submit a proposed discovery schedule. Foster further requests such other and further relief as the Court deems appropriate.

Dated: April 22, 2024 					Respectfully submitted,

						**JEFFREY FOSTER**,


						By:  */s/ Sabreena El-Amin*

Sabreena El-Amin
Sel-amin@ctmlegalgroup.com
William Tasch
William.Tasch@ctmlegalgroup.com
CTM Legal Group
77 W. Washington St., Ste 2120
Chicago, IL 60602
Info@CTMLegalGroup.com
Ph. 312-818-6700
Fx. 312-492-4804

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 22, 2024 the foregoing Motion and Notice of Motion was served via the Court's ECF/PACER system to all counsel of record in this matter.

*/s/ Sabreena El-Amin*